IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KALVIN LYNN MOORE, #304 851, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:19-CV-266-WHA |
| | )                    [WO] |
| VENTRESS CORRECTIONAL FACILITY, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility, brings this action under 42 U.S.C. § 1983.[1] Plaintiff filed an affidavit in support of a motion for leave to proceed *in forma pauperis*. Doc. 2. The motion, however, did not include the required documentation from the inmate account clerk. The court therefore did not have the information necessary to determine whether Plaintiff should be allowed to proceed *in forma pauperis* in this case, and entered an order on April 17, 2019 requiring Plaintiff to provide the court with this information on or before May 1, 2019. Doc. 6 at 1–2. The court specifically cautioned Plaintiff that his failure to comply with the May 1 order would result in a recommendation that this case be dismissed. Doc. 6 at 2.

The requisite time has passed and Plaintiff has not complied with the court's May 1, 2019 order. The court, therefore, concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without

---

[1] Plaintiff originally filed this complaint on March 8, 2019 in the United States District Court for the Northern District of Alabama. By order of April 2, 2019, the case was transferred to this court. Doc. 4.

prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the order of the court and to prosecute this action.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Plaintiff.  Plaintiff may file any objection to this Recommendation **on or before June 6, 2019**.  Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 23rd day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE